IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DARIUS DENNIS**                                                                                  **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 5:19-cv-72-DCB-MTP**

**J. JONES,** *et al.*                                                                              **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion [14] for Temporary Restraining Order and Motion [15] for Preliminary Injunction. Motion [14] and [15] are identical and request the same relief. Having carefully considered the submissions and the applicable law, the undersigned recommends denying Motion [14] and Motion [15].

Plaintiff, a post-conviction inmate housed at Wilkinson County Correctional Facility ("WCCF"), filed these motions seeking a temporary restraining order and a preliminary inunction against unidentified Defendants. Plaintiff alleges that Defendants failed to protect him from harm at the hands of other inmates. *See* Comp. [1]. Plaintiff states in his Motions [14] [15] that unidentified Defendants retaliated against him by searching his cell, "slapping him around," threatening to have other inmates harm him, and threatening to "do something to his food."

Plaintiff is requesting a transfer to another prison because he believes other inmates will try to harm him and Defendants will not protect him. Plaintiff does not identify any specific instances of harm and he does not state which Defendants or individuals have threatened him.

An applicant for a temporary restraining order or a preliminary injunction must demonstrate each of the following:

(1) A substantial likelihood of success on the merits;

1

>   (2) A substantial threat that the movant will suffer irreparable injury if the temporary restraining order is denied;
>
>   (3) The threatened injury must outweigh any damage that the temporary restraining order will cause the non-movant; and
>
>   (4) The temporary restraining order will not disserve the public interest.

*Whole Woman's Health v. Paxton*, 264 F. Supp. 3d 813, 818 (W.D. Tex. 2017) (citing *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014)). "A temporary restraining order is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Id*.

The undersigned finds that Plaintiff has not met his burden to establish that there is a *substantial* threat he will suffer irreparable injury, as his claims about future harm are speculative and not specific. *See Hines v. Cain*, 2007 WL 891880, at *14 (E.D. La. Mar. 20, 2007). This burden must be met before a court can fairly evaluate whether the extraordinary remedy of injunctive relief is appropriate.

Plaintiff is also not entitled to a transfer to another prison. "[A] prisoner has no right of any kind springing from the Constitution itself to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another." *Id*. (citing *Olim v. Wakinekona*, 461 U.S 238, 245-46 (1983)). Moreover, "it is well settled that prison officials are given wide latitude in the day-to-day operations of the prison system, and the courts are reluctant to interfere unless presented with substantial evidence of patently unreasonable conduct." *Barrett v. Epps,* 2008 WL 1827449, at *5 (S.D. Miss. Apr. 22, 2008).

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends DENYING Motion [14] for Temporary Restraining Order and Motion [15] for Preliminary Injunction.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1428-29 (5th Cir. 1996).

THIS the 25th day of November, 2019

s/ Michael T. Parker<br>
United States Magistrate Judge