```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

**DARIUS DENNIS**                                          **PLAINTIFF**

VS.                          CIVIL ACTION NO. 5:19-cv-72(DCB)(MTP)

**J. JONES, et al.**                                       **RESPONDENTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on the Plaintiff Darius Dennis' Complaint for Violation of Civil Rights (docket entry 1) against Defendants J. Jones, Tracey Arbuthnot, Gabriel Walker, Scott Middlebrooks, and Erika Perkins.

United States Magistrate Judge Michael T. Parker issued a Report and Recommendation (docket entry 19) finding the following:

Plaintiff Dennis filed a Motion for Temporary Restraining Order (docket entry 14), and a Motion for Preliminary Injunction (docket entry 15). Motions 14 and 15 are identical and request the same relief. Magistrate Judge Parker recommends denying both Motions.

Plaintiff, a post-conviction inmate housed at Wilkinson County Correctional Facility ("WCCF"), filed these motions seeking a temporary restraining order and a preliminary injunction against unidentified Defendants. Plaintiff alleges that Defendants failed

1

to protect him from harm at the hands of other inmates. See Complaint (docket entry 1). Plaintiff states in his Motions (docket entries 14 and 15) that unidentified Defendants retaliated against him by searching his cell, "slapping him around," threatening to have other inmates harm him, and threatening to "do something to his food."

Plaintiff is requesting a transfer to another prison because he believes other inmates will try to harm him and Defendants will not protect him. Plaintiff does not identify any specific instances of harm and he does not state which Defendants or individuals have threatened him.

An applicant for a temporary restraining order or a preliminary injunction must demonstrate each of the following:

(1) A substantial likelihood of success on the merits;

(2) A substantial threat that the movant will suffer irreparable injury if the temporary restraining order is denied;

(3) The threatened injury must outweigh any damage that the temporary restraining order will cause the non-movant; and

(4) The temporary restraining order will not disserve the public interest.

Whole Woman's Health v. Paxton, 264 F.Supp.3d 813, 818 (W.D. Tex. 2017)(citing Jackson Women's Health Org. v. Currier, 760 F.3d

2

448, 452 (5th Cir. 2014)).  "A Temporary Restraining Order is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements."  Id.

Magistrate Judge Parker finds that the Plaintiff has not met his burden to establish that there is a substantial threat he will suffer irreparable injury, as his claims about future harm are speculative and not specific.  See Hines v. Cain, 2007 WL 891880, at *14 (E.D. La. Mar. 20, 2007).  This burden must be met before a court can fairly evaluate whether the extraordinary remedy of injunctive relief is appropriate.

The Plaintiff is also not entitled to a transfer to another prison.  "[A] prisoner has no right of any kind springing from the Constitution itself to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another."  Id. (citing Olim v. Wakinekona, 461 U.S 238, 245-46 (1983)).

Moreover, "it is well settled that prison officials are given wide latitude in the day-to-day operations of the prison system, and the courts are reluctant to interfere unless presented with substantial evidence of patently unreasonable conduct."  Barrett v. Epps, 2008 WL 1827449, at *5 (S.D. Miss. Apr. 22, 2008).

Magistrate Judge Parker finds that Dennis' Motions for Temporary Restraining Order and Motion for Preliminary Injunction (docket entries 14 and 15) must be DENIED.

This Court agrees with Magistrate Judge Parker's Recommendations, and denies docket entries 14 and 15.

Dennis filed a renewed motion for preliminary injunction and temporary restraining order (docket entry 23). Inasmuch as Dennis raises the same issues as his original Motions and does not articulate a requested relief – though, if the relief sought is a transfer to another prison, the Court has addressed that in regard to the original Motions – the Court finds that the Renewed Motion must also be DENIED.

SO ORDERED, this the 27th day of May, 2020.


/s/ David Bramlette_____

UNITED STATES DISTRICT JUDGE