IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DARIUS DENNIS                                              PLAINTIFF

v.                         CIVIL ACTION NO. 5:19-cv-72-DCB-MTP

J. JONES, et al.                                          DEFENDANTS

Order

This matter is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation. [ECF No. 60]. On August 12, 2020, Plaintiff Darius Dennis ("Dennis") filed his objections to the Report and Recommendation. [ECF No. 62]. Having reviewed the Report and Recommendation, the objections, applicable statutory and case law, and being otherwise fully informed of the premises, the Court finds as follows:

Plaintiff Darius Dennis filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging the violation of his constitutional rights during his incarceration at Wilkinson County Correctional Facility ("WCCF"). Plaintiff is a post-conviction inmate in the custody of the Mississippi Department of Corrections. Defendants Scott Middlebrooks, Gabriel Walker, Erica Perkins, and Tracy Arbuthnot were at all relevant times employed as correctional staff at WCCF.

On July 8, 2020, Magistrate Judge Parker held an omnibus hearing. The Court noted that Plaintiff submitted a Motion to be

1

Free from Retaliation [ECF No. 40] on March 23, 2020, which the Court construed as a motion to amend to add a retaliation claim. Dennis previously filed two motions for a temporary restraining order in November and December of 2019. See [ECF Nos. 14 & 23]. Both motions were denied. See [ECF No. 43].

At the hearing, however, Plaintiff articulated that he continued to fear for his safety, that Defendants Walker, Middlebrooks, and Perkins continued to harass him in retaliation for filing this lawsuit. Plaintiff claims that Defendants are trying to hurt him because he filed a lawsuit against them. He testified that other inmates were paid by Defendants to injure him and that one inmate, Mike Drain, followed through on the plan to attack him and hit him over the head with a lock. Dennis testified that on February 3, 2020, Defendants Walker, Middlebrooks, and Perkins came into his cell, handcuffed him to his bed, beat him, and told him to drop his lawsuit. He further avers that they are continuing to harass him and are using dogs to search his cell. He is afraid to eat the food, out of fear of food poisoning, and is afraid to sleep. Dennis claims that he was taken to the hospital on June 12, 2020 to be treated for food poisoning. On June 16, 2020, Plaintiff's cell was searched, and all his paper and materials related to this lawsuit were confiscated.  This was allegedly done in retaliation.  Plaintiff

also testified that Defendant Middlebrooks told him that he would die if he did not drop this lawsuit.

Dennis requests injunctive relief in the form of a court order requiring his transfer to another facility. The Court now construes this testimony as an Ore Tenus Motion for a Temporary Restraining Order or a Preliminary Injunction [Docketed July 31, 2020].

"To establish retaliation, a prisoner must show '(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.'" Joseph v. Dykes, 368 F. App'x 511, 513 (5th Cir. 2013) (quoting McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998)). Causation requires a showing that "but for the retaliatory motive the complained of incident [] would not have occurred." Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997)(internal quotations and citation omitted). "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006).

Magistrate Judge Parker carefully reviewed each of the alleged retaliatory acts and has found that the Plaintiff's

3

Motion should be denied, noting that: (1) Plaintiff has not sufficiently established that the Defendants intended to retaliate against him or that retaliatory actions even occurred – Plaintiff has not shown anything more than a personal belief that prison officials are retaliating against him; and (2) that injunctive relief in the form of a transfer is not appropriate or necessary as the Plaintiff is not entitled to a transfer to another prison. Dennis filed his objections to the Magistrate Judge's findings.

When a party objects to a Report and Recommendation, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Guste, 921 F.2d 620, 623 (5th Cir. 1991). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Allen v. Outlaw, No. 5:14-cv-60-DCB-MTP, 2015 WL 4759268, at * 2 (S.D. Miss. Aug. 12, 2015). Moreover, "no factual objection is raised when a petitioner merely reurges arguments contained in the original petition." Hinton v. Pike County, No. 18-60817, 2018 WL 3142942, at *1 (S.D. Miss. June 27, 2018). A de novo review means that this Court will "examine the entire record and will make an independent assessment of the

law." Lambert v. Denmark, No. 2:12-cv-74-KS-MTP, 2013 WL 786356, at *1 (S.D. Miss. Mar. 1, 2013). In conducting such a review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993).

In his objections to the Report and Recommendation, the plaintiff did not specifically object to the legal conclusions or the recommendations of the Magistrate Judge. Rather, Dennis reasserts his claims and the factual allegations supporting those claims. After a de novo review of the Magistrate Judge's Report and Recommendation and a review of the plaintiff's objections, the Court is unable to find any error with the Magistrate Judge's findings. The Court is satisfied that the Magistrate Judge has undertaken an extensive examination of the issues in this case and has issued a thorough opinion. Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation [ECF No. 60] is ADOPTED.

IT IS FURTHER ORDERED that the petitioner's objections [ECF No. 62] are OVERRULED.

SO ORDERED, this the 24th day of August, 2020.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE